[L. A. No. 4647. Department Two.—February 13, 1919.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Plaintiff and Respondent, v. CALIFORNIA DEVELOPMENT COMPANY (a Corporation), et al., Defendants and Respondents; SOUTHERN PACIFIC COMPANY, Defendant and Appellant; BOAZ DUNCAN, Intervener.

Trust Deed—Attorneys' Fees on Foreclosure—Amount and Priority of Payment.—Where a judgment foreclosing a trust deed on property which had been and was to remain in the hands of a receiver until sold by him as a commissioner provided for payment forthwith of a certain amount for attorneys' fees in conducting the sale and confirmation thereof, a further provision in the judgment setting aside a certain amount to pay, among other expenses of litigation, attorneys' fees for subsequent services, does not limit the balance allowable for attorneys' fees to the amount so set aside; and where the trust deed authorized the trustee to employ counsel and made proper expenses a charge upon and payable out of the trust estate, the mere sequence of payment ordered by the judgment.

of claims subordinate to such proper charges would not give the claimant a vested right in the funds as against these proper charges.

APPEAL from an order of the Superior Court of Los Angeles County for the payment of attorneys' fees on foreclosure of a trust deed.   Louis W. Myers, Judge.   Affirmed.

The facts are stated in the opinion of the court.

E. S. Ives, Irving M. Walker, and Loeb, Walker & Loeb, for Defendant and Appellant.

O'Melveny, Stevens & Millikin, Walter K. Tuller, and Henry J. Stevens, for Plaintiff and Respondent.

MELVIN, J.—This is an appeal from a certain order in the above-entitled case for the payment of twenty-two thousand dollars additional fees for the attorneys of plaintiff.   The order recites that plaintiff has become indebted to attorneys for their services necessarily rendered in the action, in the sum of fifty thousand dollars, which is declared to be a reasonable sum, of which twenty thousand dollars is the reasonable value of services performed prior to the judgment on January 4, 1913, and thirty thousand dollars the reasonable value of the work performed by counsel since that time; that there has been paid plaintiff on account thereof only twenty-eight thousand dollars; and that there is due the sum of twenty-two thousand dollars.   This the receiver is ordered to pay forthwith.

The property covered by the trust deed, foreclosed by the original judgment of 1913, had been in the hands of a receiver and was to be retained by him until sold by him as a commissioner.   The original judgment provided that the receiver should forthwith pay to plaintiff twenty thousand dollars as attorneys' fees, said payment to include all services rendered by counsel "in conducting said sale and securing confirmation thereof."   The decree also contained a provision "That the said receiver shall forthwith pay out of the funds in his hands to the clerk of this court the sum of ten thousand dollars ($10,000.00), to be held by said clerk as a fund out of which any expenses (not included in the payments above directed) properly incurred by the plaintiff in and to this litigation, including attorneys' fees for any service hereafter rendered by

its counsel, may be paid.'' No payment was to be made from said fund except upon order of court and in the event of its not being exhausted the residue was to be paid pursuant to order of court ''to the party or parties entitled thereto.'' On appeal the original judgment was affirmed as to certain matters and ordered modified as to others, the superior court being directed ''to frame the decree in such form as will preserve the relative rights of all of the parties, as declared by those portions of the decree which are affirmed, and by our opinion and judgment.'' (*Title Ins. & Trust Co.* v. *California Development Co.*, 171 Cal. 173–223, [152 Pac. 542, 563].)

It is contended by appellant that by this judgment the entire amount which the receiver was empowered to pay was thirty thousand dollars; that this part of the original judgment was affirmed on appeal; and that any attempted further allowance was beyond the authority of the superior court and was as to such excess void.

In the judgment after *remittitur,* in specifying the order of payment, there was a direction (which preceded any authorization with reference to settlement of appellant's claims) that plaintiff's judgment be paid in full by the receiver, and also a provision that said receiver ''shall pay to plaintiff such further sum as the court may allow on account of its expenses, including compensation to its attorneys, since the rendition of said original decree.''

It is asserted by appellant that a new liability was created by the judgment after *remittitur* and by the order to pay fees greater than thirty thousand dollars, and that such liability in favor of plaintiff was improperly given priority over the claims of appellant, who already had vested rights in the moneys out of which the new liability was directed to be paid. It is also asserted that the original judgment, as modified by this court, was a final adjudication that thirty thousand dollars was the maximum sum which might be expended for the compensation of plaintiff's attorneys.

We are unable to uphold these contentions. We must remember that the very terms of the trust itself, expressed in the deed, gave the trustee (plaintiff here), the right to employ counsel, and that by the deed the proper charges and expenses of the trustee were to be paid by the California Development Company out of the trust estate on which such expenses were made charges. No matter what sequence of payment was

directed by the judgment, the proper charges against the trust estate would naturally follow, and did follow, the order for the payment of plaintiff's judgment. Therefore, the mere sequence of payment ordered in the judgment of claims subsequent and subordinate to those of plaintiff would give appellant no vested right in the funds of the receiver as against these proper charges.

The judgment creating a fund of ten thousand dollars, out of which any expenses for services of counsel not included in payments previously directed "may be paid," did not fix the sum of ten thousand dollars as the maximum for such services. It merely segregated that sum from the moneys in the hands of the receiver as a form of assurance to plaintiff that to the extent of the fund at least it might be secured for the expenses it should incur. But the limitation of ten thousand dollars for this fund did not absolve the trustee from its full duty of asserting and diligently and faithfully protecting the interests of its beneficiaries—a duty imposed not merely by the judgment, but by the trust itself. (*Mitau* v. *Roddan*, 149 Cal. 1–16, [6 L. R. A. (N. S.) 275, 84 Pac. 145].) The judgment contemplated further action by the court in the event that the services should be worth less than ten thousand dollars, and it cannot justly be said that in setting aside a fund out of which the attorneys for plaintiff might be paid the court abdicated its duty of awarding reasonable compensation for services worth more than ten thousand dollars.

It follows that the order must be and accordingly it is affirmed.

Wilbur, J., and Lennon, J., concurred.

Hearing in Bank denied.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., and Angellotti, C. J., concurred.